CAROLINE QUARDT ET AL. v. PUBLIC SERVICE TRANS-
PORTATION COMPANY AND HENRY MARTIN TRANS-
PORT COMPANY.

Decided June 22, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the rule, *John A. Matthews.*

*Contra, Peter J. McGinnis.*

PER CURIAM.

The plaintiff, while riding as a passenger in a bus belong-
ing to the Public Service Transportation Company, which
was proceeding on Totowa avenue, in the borough of Totowa,
was injured in a collision between the bus and a truck be-
longing to the Martin Transport Company. The trial re-
sulted in the rendition of a verdict against both defendants,
the award to Mrs. Quardt being $7,875 and to her husband
$5,000. The present rule was allowed to the defendant Mar-
tin Transport Company.

The principal claim of the Martin company is that the ver-
dict against it is contrary to the weight of the evidence, the
proofs clearly showing that the accident was solely the result
of the negligence of the driver of the public service bus. Our
examination of the testimony sent up with the rule leads us
to the opposite conclusion, namely, that the collision was

largely the result of the carelessness of the driver of the defendant's truck.

The only other contention on the part of this defendant is that the award of the jury was excessive. We are not impressed with this contention. The accident occurred on October 5th, 1926, and Mrs. Quardt was very seriously injured. Her legs are paralyzed and she is unable to walk. The case was tried in October, 1927, two years after the accident occurred, and her physical condition at that time was such that she had to be brought into court upon a stretcher. Whether she will ever be restored to the full use of her legs is at least very doubtful. As to the award to the husband: The jury was justified in concluding from the proofs that he had already expended as a result of his wife's injuries something in the neighborhood of $3,000 for medical treatment to her and for the increased cost of keeping his house by employing a woman to do the work which his wife prior to that time had always taken care of. The jury was further justified in concluding that this condition will go on indefinitely, and that the husband will probably be required to expend more hereafter than the balance left from the award as a direct result of the injuries received by his wife.

The rule to show cause will be discharged.